# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN G. DAHLK,

                Plaintiff,

       -vs-                                Case No.   12-CV-0556

MICHELL WOOMER,
TIMOTHY PIERCE,
STEPHANIE FRIEDMAN,
JUDY P. SMITH,
PATRICK MURPHY, and
MARY SAUVEY,

                Defendants.

## DECISION AND ORDER

        The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

        After filing his motion for leave to proceed *in forma pauperis*, the plaintiff paid the full filing fee. Thus, his motion is moot, and the plaintiff may disregard the Decision and Order entered June 6, 2012, regarding the payment of an initial partial filing fee.

        Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more

2

than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The averments in the plaintiff's sworn complaint relate to the treatment he received for a leg wound between June 17, 2011, and November 17, 2011. Throughout that time period, the plaintiff's wound was bleeding and discharging pus. At different times, the plaintiff was denied bandages, the testing of the discharge was delayed, and the plaintiff received only one ten-day course of antibiotics that caused uncomfortable side effects.

The plaintiff's claims implicate his right to receive adequate medical care under the Eighth Amendment. To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with

3

deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000). The plaintiff may proceed on Eighth Amendment medical care claims against the two nurses, Michell Woomer and Stephanie Friedman, and the two doctors, Patrick Murphy and Mary Sauvey, named in his complaint.

Wisconsin law defines medical negligence as the failure of a medical professional to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances." *Sawyer v. Midelfort*, 227 Wis.2d 124, 149, 595 N.W.2d 423, 435 (1999); *Shuster v. Altenberg*, 144 Wis.2d 223, 229, 424 N.W.2d 159, 161-62 (1988). The Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(e) and allow the plaintiff to proceed on a state law medical malpractice claim defendants Woomer, Friedman, Murphy and Sauvey.

The Court of Appeals for the Seventh Circuit has held that "'[a] prison official's knowledge of prison conditions learned from an inmate's communication can . . . require the officer to exercise his authority and to take the needed action to investigate, and if necessary, to rectify the offending condition.'" *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999) (quoting *Vance v. Peters*, 97 F.3d 987, 993 [7th Cir. 1996]). Accordingly, the plaintiff also may proceed on Eighth Amendment claims against defendants Judy Smith and Timothy Pierce because the plaintiff informed each of them about his need for medical care

4

and each of them refused to help him.

The plaintiff also proposes a First Amendment claim against defendant Smith for her failure to act on retaliation acknowledged by the inmate complaint process. The plaintiff filed an inmate complaint about missing his wound monitoring appointments and suggesting that the frequency of the missed appointments appeared retaliatory. The inmate complaint examiner (ICE) investigated and found that there were no legitimate reasons for the missed appointments. She recommended that the plaintiff's complaint be affirmed. The reviewer agreed with the ICE recommendation and affirmed the plaintiff's complaint. The Health Services Unit then began documenting and monitoring the openings to the plaintiff's wound. The Court cannot identify any duty defendant Smith had after this process was completed. There is no suggestion that she was retaliating against the plaintiff by not taking additional action after his inmate complaint was affirmed. The plaintiff may not proceed on this claim.

Additionally, the plaintiff indicated that he wanted to proceed against defendant Smith in her official capacity as well as her individual capacity. A suit against a state official in her official capacity is a suit against the official's office. As such, it is not different than a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits for damages in federal court against unconsenting states unless Congress has exercised its power to override the immunity. *Id.* at 66. To the extent that plaintiff seeks compensatory and punitive damages, his official

5

capacity claims must be dismissed because of Eleventh Amendment immunity and also because the state is not a person suable under 42 U.S.C. § 1983. *See id.* at 66-67, 71. To the extent the plaintiff might seek injunctive relief on an official capacity claim, he must show that a policy or custom played a part in the constitutional violation. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). The plaintiff has not identified any policy or custom that played a part in the inadequate medical care he avers he received.

In summary, the plaintiff may proceed on Eighth Amendment claims against each of the defendants in his or her individual capacity. He also may proceed on state law medical negligence claims against defendant doctors Murphy and Sauvey and defendant nurses Woomer and Friedman.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff may disregard the Decision and Order entered June 6, 2012, regarding payment of an initial partial filing fee. The filing fee for this case has been paid in full.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement

6

between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> ℅ Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that

7

Case 2:12-cv-00556-RTR   Filed 06/11/12   Page 7 of 8   Document 8

party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2012.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**