# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN G. DAHLK,**

    Plaintiff,

  -vs-                                        **Case No. 12-CV-556**

**MICHELLE WOOMER, et al.,**

    Defendants.

# DECISION AND ORDER

On March 31, 2014, this Court granted the defendants' motions for summary judgment and dismissed this case; judgment was entered the same day. The plaintiff filed a Notice of Appeal, and the United States Court of Appeals for the Seventh Circuit affirmed this Court's decision in an Order issued February 18, 2015.

While his appeal was pending, the plaintiff filed a motion for relief from final judgment in this Court. He subsequently filed a motion to strike a response brief filed by several of the defendants because he alleges they failed to properly serve him with the brief.

Rule 60(b) of the Federal Rules of Civil Procedure enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. *Russell v. Delco Remy Div. of Gen. Motors*, 51 F.3d 746, 749

(7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center*, 411 F.3d 831, 837 (7th Cir. 2005)). In assessing whether relief is appropriate, the Court must balance the competing policies of determining cases on their true merits against the desire to preserve res judicata and achieve finality in litigation. Wright, Miller & Kane, Federal Practice and Procedure § 2857 (1995). Relief under Rule 60(b) is "essentially equitable in nature and is to be administered upon equitable principles." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984). Accordingly, a Court has wide discretion in determining whether a case should be

reinstated under Rule 60(b). *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (District court's decision not to reinstate a case under Rule 60(b) is "discretion piled on discretion.") (internal quotes omitted).

The plaintiff argues under Rule 60(b)(1) that Court erred in treating two of the defendants as experts, applied certain case law to another defendant, and made credibility judgments based on misleading and deceitful affidavits. The plaintiff also attempts to show that the defendants committed acts of spoliation and perjury that constitute fraud, misrepresentation, or misconduct by the opposing party under Rule 60(b)(3). However, there is nothing in the plaintiff's submissions that undermines or changes the outcome of the case. The plaintiff does not present the exceptional circumstances required to justify relief from judgment. This case was decided on the merits and so affirmed by the Seventh Circuit. Moreover, although framed slightly differently, all of the arguments the plaintiff makes in his Rule 60(b) motion were presented to the Seventh Circuit on appeal. The motion for relief from final judgment will be denied.

The plaintiff's concerns regarding the service of one of the response briefs do not impact the outcome of this motion.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for relief from final judgment (ECF No. 104) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike brief in opposition (ECF No. 122) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 2nd day of June, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**